## STATE v. VARRELL.

Under a statute authorizing the establishment of a police court in any town which by vote provides "a suitable compensation, not less than $100 *per annum*, for the justice," a vote of a town directing "that the compensation of such justice shall be the fees established by law," is to be construed as adopting the statutory minimum of compensation.

In an indictment for perjury committed in the trial of a case in which D. B. S. was a party, an allegation that the defendant appeared as a witness for said D. B. S. may be rejected as surplusage.

INDICTMENT, for perjury alleged to have been committed by the defendant as a witness on the trial of a criminal case in which one David B. Story was prosecuted in the police court of Laconia. That court was established by the appointment of a justice, upon a vote of the town requesting the governor to appoint a police justice for the town "agreeably to chapter 196 of the General Statutes," and ordering "that the compensation of such justice shall be the fees established by law." The defendant objected that the appointment was unauthorized, because the town had not, by vote, provided a suitable compensation, not less than $100 *per annum*, for the justice.

It was alleged in the indictment that the defendant "appeared as a witness for and on behalf of said David B. Story." Subject to the defendant's exception, the state was allowed to amend this allegation by striking out "said David B. Story," and inserting "the state." The jury found the defendant guilty, and he moved for a new trial.

*Gale*, for the defendant.

*Currier*, solicitor, for the state.

DOE, C. J. "Any town may by vote provide a suitable compensation, not less than $100 *per annum*, for the justice of a police court therein ;" and, upon certain evidence of a compliance with the law, "a justice of such court may be appointed, and the court thereby established." Gen. St., *c.* 196, *s.* 1. The presumption that the legislature, in the enactment of laws, intend to act in conformity with the constitution, tends to support such a construction of statutes as gives them a constitutional operation. In this case, there is a similar presumption that the town intended to comply with the statute which authorized the town to vote on this subject : and the vote is to be construed accordingly. The statutory minimum of compensation is to be implied. The legal meaning of the vote is, that, while the compensation must be as much as the law requires (until the vote is rescinded), the fees, to the amount of $100, shall be appropriated as the salary, and, if they are not sufficient, the balance will be paid by the town.

It is immaterial whether the defendant appeared as a witness for Story or for the state. The allegation on that subject is not a descriptive averment of a material matter, and may be rejected as surplusage. The amendment was unnecessary.

*Judgment on the verdict.*

FOSTER, J., did not sit.