## LOCKE *v.* LEAVITT.

The establishment of a police court suspends the jurisdiction of justices of the peace as to all actions, civil and criminal, triable in the town or city where such police court is established.

BASTARDY. The complainant and defendant both live in Pittsfield. The complaint was sworn to before a justice of the peace at Pittsfield, and the warrant for the arrest of the defendant was issued by the same justice, and returnable before some justice of the peace for the county of Merrimack. The officer making the arrest returned the warrant, and brought the defendant before a justice of the peace for Merrimack county, not residing in Pittsfield, before whom and by whose order the defendant, having first objected to the jurisdiction of the justice and waived examination, recognized for his appearance at this term of the supreme court. The proceedings before the justice, who assumed jurisdiction of the cause, were at Pittsfield. At the time of these proceedings before the justice there was a police court at Pittsfield, the justices of the same acting under the appointment of the governor, made in 1872, on the certificate to him of the town-clerk of Pittsfield, of the action of the town providing for a police court. The 8th article in the warrant for the annual meeting of that year was,—" To see if the town will vote to establish a police court, and provide a suitable compensation for the justice of such police court."

The vote on this article was,—" That a police court be established in the town of Pittsfield; that the justice of said court, in lieu of the annual salary of one hundred dollars, shall be entitled to the fees accruing to said office." The defendant moved to quash, and also to dismiss the proceeding, because the warrant was not returned and the subsequent proceedings not had before the police court of Pittsfield.

*Bartlett & Lane*, for the plaintiff.

*A. Whittemore, Jr.*, and *J. Y. Mugridge*, for the defendant.

CLARK, J. The warrant should have been made returnable before the police court of Pittsfield. The justice of the peace who issued it had no authority to make it returnable elsewhere, and no justice of the peace had jurisdiction of the action within the town of Pittsfield. " Writs and proceedings in civil actions shall not be made returnable before a justice of the peace within any town or city having a police court, but shall be returnable and returned in said town or city only, before said court." G. L., *c.* 215, *s* 7. " Police courts have the same jurisdiction as justices of the peace

have in their county, . . . and exclusive cognizance of all crimes and offences committed within the town in which such court is established, so far as justices of the peace have jurisdiction." G. L., *c*. 252, *s*. 8. Warrants in criminal proceedings, issued by a police court or by any justice within a town in which a police court is established, must be made returnable before such police court, and not elsewhere. G. L., *c*. 252, *s*. 11. Under these provisions of the statutes, all actions, civil and criminal, so far as justices of the peace have jurisdiction, triable in towns or cities where a police court is established, must be tried before such police court, and not elsewhere. The establishment of a police court suspends the jurisdiction of justices of the peace as to all actions, civil and criminal, triable in the town where such court is established. The police court of Pittsfield was legally established. *State* v. *Varrell*, 58 N. H. 148.

*Proceeding dismissed.*

ALLEN, J., did not sit: the others concurred.